UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hillary L. Desaussure,<br>   Plaintiff,<br><br>    v.<br><br>Charleston County Government,<br>   Defendant. | CASE NO.: 2:24-cv-5514-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, on the basis of racial discrimination under 42 U.S.C. §1981, as amended; Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, on the basis of sex (female); and in violation of the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

 a. A charge of employment discrimination on the basis of race discrimination, age discrimination, gender discrimination, and retaliation were filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

 b. Notification of the Right to Sue was received from EEOC on or about July 15, 2024.

 c. This Complaint has been filed within 90 days of receipt of EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Hillary L. Desaussure, is a citizen and resident of Dorchester County, South Carolina.

6. The Defendant, Charleston County Government, is upon information and belief, is a governmental entity organized and operating under the laws of the State of South Carolina located in this judicial district.

1

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendant is a "person" within the meaning of the US Age Discrimination in Employment Act of 1967 ("ADEA").

10. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

11. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the US Age Discrimination in Employment Act of 1967 ("ADEA").

12. The Defendant is an industry that affects commerce within the meaning of the Title VII and the ADEA.

13. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

14. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

15. On or about January 12, 2007, The Plaintiff (African American) began working for the Defendant as an Auditor I. That at all times relevant, the Plaintiff was effective and efficient at her work, and recently received positive evaluations.

16. Beginning on or about August 4, 2022, the Plaintiff was subjected to racial, gender, and age discrimination by Defendant's Director, Tami Fralick. Ms. Fralick denied the Plaintiff entry into the County's Supervisor Training Program, as well as other promotions that the Plaintiff's Caucasian, male, and younger co-workers were allowed.

17. The Plaintiff reported the discrimination, but nothing was done.

18. The Plaintiff sought a promotion from Ms. Fralick with being reclassified, as she had taken on additional duties, and also a 3% merit increase. Ms. Fralick denied Plaintiff the promotion, and told Plaintiff that she was the problem, and the job market offers many alternatives. Ms. Fralick also told Plaintiff that her tardiness was the reason for her denial.

19. The Plaintiff attempted to explain to Ms. Fralick that other Caucasian, male, and younger Auditors were also late or missed work and still received reclassification and the merit increase.

20. The Plaintiff reported the discrimination to Human Resources, but again nothing was done.

21. When job openings for higher positions opened up, Caucasian, younger, and male coworkers, who were of equal status and qualifications, were allowed to apply while African American employees like Plaintiff were denied.

22. The Plaintiff was passed over for the job openings and training and Caucasian, younger, and male co-workers who had less education and experience as the Plaintiff were selected for the positions.

23. The Plaintiff again reported the race, gender, and age discrimination to Human Resources.

24. After Plaintiff's reports of discrimination, Plaintiff began to receive nasty, unprovoked and harassing emails from her co-workers and supervisors.

25. On or about October 27, 2023, Plaintiff was constructively discharged, because of the continuous unfair treatment by the Defendant.

26. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII – Racial Discrimination

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and constructively discharged based on her race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

29. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her race, color or national origin;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff;

   c. In discharging Plaintiff due to her race, color or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors; and

   d. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of

1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

30. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

31. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

32. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

33. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

34. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII – Gender Discrimination

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. The Plaintiff is a member of a protected group on the basis of her sex and gender.

37. The Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

38. Similarly situated male employees received preferential treatment by being able to come in late and take days off, as well as being promoted without the repercussions to which the Plaintiff was subjected, due to her sex and gender.

39. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

40. The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring.

41. The Defendant was wanton, reckless, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ the Plaintiff due to her sex and gender; and

    b. In discharging the Plaintiff due to her sex and gender as a result of her opposing the Defendant's unlawful employment practices and for filing reports of the discrimination with the EEOC.

42. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing the sex and/or gender discrimination and preferential treatment, harassment and retaliation to exist in the workplace.

43. That in failing to protect the Plaintiff from sex and/or gender discrimination, harassment and retaliation or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and Equal Employment Opportunity Commission.

44. As a direct and proximate result of the Defendant's discrimination on the basis of sex and/or gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

45. The Defendant's employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

46. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

**FOR A THIRD CAUSE OF ACTION**
**Violation of the US Age Discrimination in Employment Act of 1967**

47. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

49. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ Plaintiff due to her age;

    b. In retaliating against Plaintiff by showing disparate treatment against Plaintiff; and

5

    c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

50. Defendant violated the ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

51. Plaintiff's age was a determining factor in the retaliation, disparate treatment and constructive discharge of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

52. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs

## FOR A FOURTH CAUSE OF ACTION
### Retaliation

53. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

54. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her race, color or national origin, gender, and age the Plaintiff was terminated from her position in retaliation for asserting her rights under the Title VII of the US Civil Rights Act of 1964, on the basis of racial discrimination under 42 U.S.C. §1981, as amended; Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, on the basis of sex/gender (female); and in violation of the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634, and the Equal Employment Opportunity Act.

55. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of the Title VII of the US Civil Rights Act of 1964, on the basis of racial discrimination under 42 U.S.C. §1981, as amended; Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, on the basis of sex/gender (female); and in violation of the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634, and the Equal Employment Opportunity Act.

56. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

57. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FIFTH CAUSE OF ACTION
### Constructive Discharge

58. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

59. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

60. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

61. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

62. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

63. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay, and other work benefits.

64. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Landon L. Brock*
Landon L. Brock (Fed. I.D. #13528)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:    (843) 553-9800

North Charleston, South Carolina
October 3, 2024